### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

---

ALBANY MED HEALTH SYSTEM,

                       Plaintiff,

       v.

NEW YORK STATE NURSES ASSOCIATION,

                       Defendant.

Civil Action No: 1:24-CV-1396 (MAD/CFH)

---

### COMPLAINT

Plaintiff, Albany Med Health System (hereinafter "Plaintiff"), as and for its Complaint against Defendant New York State Nurses Association (hereinafter "Defendant"), alleges the following:

### **PARTIES**

1.      Plaintiff, Albany Med Health System, is a not-for-profit corporation organized and existing under the laws of the State of New York, having its principal place of business at 43 New Scotland Avenue, Albany, New York 12208.

2.      Upon information and belief, Defendant New York State Nurses Association is a labor organization or union representing nurses in the healthcare industry.  Defendant maintains offices at 131 West 33rd Street, New York, NY 10001, and at 155-161 Washington Avenue, Albany, New York 12210.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement, domain name misappropriation, and dilution under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; and related New York statutory and common-law claims of unfair competition and dilution.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367 and 15 U.S.C. §§ 1116 and 1121.

5.      This Court has personal jurisdiction over the Defendant under New York CPLR §§ 302(a)(1), (a)(2), (a)(3)(i) and/or (a)(3)(ii) by virtue of it transacting and doing business in the State of New York and the Northern District of New York, including committing tortious acts within the State causing injury to Plaintiff within the State of New York and the Northern District of New York.

6.      Venue is proper in the Northern District of New York based upon 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this judicial district and Defendant has an office and does business in this district.

## BACKGROUND

7.      Plaintiff is a health care provider operating primarily in upstate New York and owns and operates medical facilities and clinics including Albany Medical Center Hospital, Glens Falls Hospital, Saratoga Hospital, Columbia Memorial Health, the Bernard and Millie Duker Children's Hospital, EmUrgentCare urgent care facilities and numerous other affiliated health care offices and facilities.

8.      Plaintiff is the largest and only regionally governed, not-for-profit health system in northeastern New York and western New England. Plaintiff provides patients in these areas health care services in a variety of medical specialties. Plaintiff's advanced medical care is readily

available to patients in a region extending from the mid-Hudson Valley to western New England to northern New York State. In addition, patients from other areas of the country travel to Plaintiff's facilities for specialized and advanced medical treatments.

9.    Plaintiff is committed to improving the health of its patients by providing the highest standard of quality in medicine, education, and research.

10.    Plaintiff is nationally renowned and famous for its health care services and the quality of its services. Numerous other hospitals throughout the country refer and transfer patients to Plaintiff due to Plaintiff's reputation and its health care services and specialized health care practice areas.

11.    Plaintiff is also nationally renowned and famous for its health care research including conducting clinical trials and research in the areas of vaccines, Alzheimer's disease, breast cancer, coronary artery disease, Covid-19, atherosclerosis, neuroscience, cancer biology, immunology, and molecular physiology, as well as other areas.  Plaintiff also sponsors "The Albany Prize in Medicine and Biomedical Research," which is the most distinguished prize in medicine offered by a United States medical institution and one of the largest awards in medicine and science in the United States. The Albany Prize has been awarded annually since 2001 for exceptional work in medicine and biomedical research. It is awarded to recipients who have demonstrated significant outcomes that offer medical value of national or international importance. Past recipients of the Albany Prize include Anthony Fauci, M.D., former director of the National Institutes of Health, and CRISPR pioneers Emmanuelle Charpentier, Ph.D., and Jennifer Doudna, Ph.D.  Ten Albany Prize recipients have gone on to win the Nobel Prize.

*The Albany Medical Center Word Mark*

12.    Since at least as early as 1930, Plaintiff has been using the word mark "ALBANY MEDICAL CENTER" for hospital services and health care services including but not limited to inpatient care, outpatient care and medical clinics; emergency medical services; primary care medical services; surgery; medical testing for diagnostic or treatment purposes; medical diagnostic testing ("Albany Medical Center Word Mark"). Thus, Plaintiff has common-law trademark rights in the Albany Medical Center Word Mark based on its continuous and exclusive use of this mark for more than 94 years since at least as early as 1930.

13.    Plaintiff's use of the Albany Medical Center Word Mark has been continuous and extensive since at least 1930 and predates the infringing acts by Defendant complained of herein.

14.    Plaintiff is the owner of U.S. Service Mark Registration No. 5,299,301 for the Albany Medical Center Word Mark (the "Albany Medical Center Word Mark Registration") covering:

- "Hospital services; health care services; health care services, namely, inpatient care, outpatient care and medical clinics; providing information on healthcare; Internet-based health care information services; providing health information; providing information in the fields of health and wellness; providing medical information; providing on-line information, news and commentary in the field of health and wellness relating to general health and medicine; emergency medical services; primary care medical services; surgery; medical testing for diagnostic or treatment purposes; medical diagnostic testing services" in International Class 044;

- "Medical research; biotechnology research; Medical and scientific research in the fields of histology, cancer, cardiovascular, immunology, microbial, pharmacological, and

neuroscience research; conducting clinical trials; Incubation services, namely, providing medical and scientific laboratory research services to freelancers, start-ups, existing businesses and non-profits in the biomedical field; innovation consulting services namely, advising others in the areas of product development for freelancers, start-ups, existing businesses and non-profits in the biomedical field; Consulting services for freelancers, startups, existing businesses and non-profits in the field of biomedical research and development" in International Class 042; and

- "Educational services, namely, conducting classes, seminars, residency training, fellowship training and intern training for medical students, doctors, nurses, physicians assistants and technicians in the medical and healthcare fields, and distribution of educational materials in connection therewith" in International Class 041.

15.    The Albany Medical Center Word Mark Registration was registered on October 3, 2017.  Attached to this Complaint as **Exhibit A** is a true and correct copy of the Albany Medical Center Word Mark Registration.

16.    The Albany Medical Center Word Mark Registration is incontestable under 15 U.S.C. § 1065 and is conclusive evidence of the validity of the mark and of the registration of the mark, of the Plaintiff's ownership of the mark, and of the Plaintiff's exclusive right to use the registered Albany Medical Center Word Mark in commerce.

*The Albany Med Word Mark*

17.    Since at least as early as 1990, Plaintiff has also been using the word mark "ALBANY MED" for hospital services and health care services including but not limited to inpatient care, outpatient care and medical clinics; emergency medical services; primary care medical services; surgery; medical testing for diagnostic or treatment purposes; medical diagnostic

testing ("Albany Med Word Mark"). Thus, Plaintiff has common-law trademark rights in the Albany Med Word Mark based on its continuous and exclusive use of this mark for more than 34 years.

18.    Plaintiff's use of the Albany Med Word Mark has been continuous and extensive since at least 1990 and predates the infringing acts by Defendant complained of herein.

19.    Plaintiff is also the owner of U.S. Service Mark Registration No. 5,304,591 for the Albany Med Word Mark (the "Albany Med Word Mark Registration") covering:

- "Hospital services; health care services; health care services, namely, inpatient care, outpatient care and medical clinics; providing information on healthcare; Internet-based health care information services; providing health information; providing information in the fields of health and wellness; providing medical information; providing on-line information, news and commentary in the field of health and wellness relating to general health and medicine; emergency medical services; primary care medical services; surgery; medical testing for diagnostic or treatment purposes; medical diagnostic testing services" in International Class 044;

- "Medical research; biotechnology research; Medical and scientific research in the fields of histology, cancer, cardiovascular, immunology, microbial, pharmacological, and neuroscience research; conducting clinical trials; Incubation services, namely, providing medical and scientific laboratory research services to freelancers, start-ups, existing businesses and non-profits in the biomedical field; innovation consulting services, namely, advising others in the areas of product development for freelancers, start-ups, existing businesses and non-profits in the biomedical field; Consulting services for freelancers,

startups, existing businesses and non-profits in the field of biomedical research and development" in International Class 042; and

- "Educational services, namely, conducting classes, seminars, residency training, fellowship training and intern training for medical students, doctors, nurses, physicians assistants and technicians in the medical and healthcare fields, and distribution of educational materials in connection therewith" in International Class 041.

20.    The Albany Med Word Mark Registration was registered on October 10, 2017. Attached to this Complaint as **Exhibit B** is a true and correct copy of the Albany Med Word Mark Registration.

21.    The Albany Med Word Mark Registration is incontestable under 15 U.S.C. 1065 and is conclusive evidence of the validity of the mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the Albany Med Word Mark in commerce.

22.    Plaintiff has spent, and continues to spend, large sums of money in the promotion, advertisement, and sale of its goods and services under the Albany Medical Center Word mark and the Albany Med Word Mark. And, by reason of such advertising and services under such trademarks, Plaintiff enjoys valuable goodwill and an enviable reputation with respect to its trademarks and, in particular, the services associated therewith.

23.    The Albany Medical Center Word Mark and the Albany Med Word Mark are displayed prominently at Plaintiff's facilities and in its advertising. Plaintiff has performed hundreds of millions of medical procedures over the years and has treated millions of different patients from all over the United States. Patients travel from outside and inside of New York State to seek medical treatment and services from Plaintiff.

24.    Plaintiff recently spent approximately $1.1 million redesigning its website, albanymed.org. This website reaches across the entire United States and has been viewed by people throughout the United States.

25.    Plaintiff typically runs 2-3 large, market-wide advertising campaigns each year, at an average total cost of about $900,000 to $1.1 million per year. Each campaign typically costs $300,000 to $450,000. The advertisements in such campaigns are viewable throughout the United States.

26.    The Plaintiff's advertising campaigns include television, radio, and print ads, as well as digital advertising including web display and social media ads. Over the course of a year, these campaigns generate more than 100 million consumer impressions and views.

27.    The Plaintiff's aforementioned advertisement campaigns include:

▪    About 5,500 TV ads placed on cable, local TV and national streaming services;

▪    More than 2 million TV ad views nationwide from YouTube placements;

▪    About 9,000 radio ads placed across 20-plus radio stations, both within and outside of New York State;

▪    Digital and social media ads reaching nationwide, linked or connected with www.albanymed.org, generating about 6 million impressions and tens of thousands of website clicks from across the entire United States;

▪    More than 70 print ads placed in newspapers and magazines distributed in and outside of New York State;

▪    Paid emails reaching about 400,000 consumers including outside of New York State; and

▪    More than 10 roadside billboards across the Capital Region of New York State, viewable by interstate travelers.

28.    Plaintiff's digital marketing area where residents receive the same local television and radio channels is the 60th largest in the United States (out of 210), comprising 575,590 households. Plaintiff has approximately 47,000 followers across all social media platforms.

29.    Plaintiff's advertisements, including as described herein, use the Plaintiff's trademarks specified herein and particularly the Albany Med Word Mark and/or the Albany Medical Center Word Mark.

30.    National newspapers and television stations frequently interview Plaintiff's officers and other employees on health care matters and issues; such interviews prominently refer to or display either the Albany Med Word Mark or the Albany Medical Center Word Mark. These interviews are also available to viewers, listeners and readers throughout the United States.

31.    The Albany Medical Center Word Mark and the Albany Med Word Mark have become famous in the eyes of the public and consuming public as a source identifier for Plaintiff and its medical related services throughout the United States by virtue of its extensive promotion including as explained above, millions of patients who have received medical services from all over the United States, extensive as well as national media coverage and a significant number of travelers including patients.

## DEFENDANT'S UNLAWFUL CONDUCT

32.    Defendant functions as a labor union for its members, which consist of registered nurses.

33.    Plaintiff employs numerous nurses at its medical facilities and some of these nurses are members of, and represented by, the Defendant's union and organization.

34.     Plaintiff and Defendant are currently and have been involved in labor negotiations in an attempt to agree on terms for a new collective bargaining agreement to govern the terms and conditions of the employment of Defendant's members by Plaintiff.

35.     During these negotiations, Defendant has engaged in multiple unauthorized and infringing uses of Plaintiff's federally registered Albany Medical Center Word Mark and the Albany Med Word Mark for profit and/or commercial purposes. Such unauthorized and infringing uses tend to blur the Albany Medical Center Word Mark and the Albany Med Word Mark.

36.     For example, Defendant has published the website www.albanymedqualitycare.org, where it has used the designation "albanymedqualitycare". A copy of the website www.albanymedqualitycare.org is attached hereto as **Exhibit C**.

37.     Additionally, and upon information and belief, Defendant has engaged in, conspired with others, induced others to engage in, and facilitated an advertising campaign using the website www.albanymedqualitycare.org regarding Plaintiff.

38.     Upon investigation and information, Defendant's website located at www.albanymedqualitycare.org is owned and administered by Defendant solely for commercial purposes. Upon investigation and information, Defendant registered the domain name www.albanymedqualitycare.org in approximately 2020.

39.     Defendant regularly does and solicits business, and derives substantial revenue from services provided to customers, in New York state and this judicial district.

**FIRST CAUSE OF ACTION**
**REGISTERED TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

**Count 1**

40.     Plaintiff repeats and realleges each and every allegation contained in each of the preceding paragraphs.

41.     Plaintiff owns both common-law rights and the right to the Albany Med Word Mark Registration.

42.     Defendant has used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of the Albany Med Word Mark in connection with the sale, offer for sale, distribution and/or advertising of its services and activities, including on the website.

43.     Defendant's unauthorized use of the Albany Med Word Mark and use of the website www.albanymedqualitycare.org is likely to cause confusion or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's services and website by Plaintiff or is likely to cause consumers to believe that Defendant and its website are somehow affiliated, connected with, or associated or sponsored by Plaintiff, when in fact they are not.

44.     Defendant's activities created a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

45.     Defendant's infringement of the Albany Med Word Mark has been willful and deliberate.

46.     The actions of Defendant described in this Cause of Action constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless

enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

47.     The acts of Defendant make this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## **Count 2**

48.     Plaintiff repeats and realleges each and every allegation contained in each of the preceding paragraphs.

49.     Plaintiff owns both common-law rights and the right to The Albany Medical Center Word Mark Registration.

50.     Defendant has used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of the Albany Medical Center Word Mark in connection with the sale, offer for sale, distribution and/or advertising of its services and activities, including on the website.

51.     Defendant's unauthorized use of the Albany Medical Center Word Mark and use of the website www.albanymedqualitycare.org is likely to cause confusion or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's services and website by Plaintiff or is likely to cause consumers to believe that Defendant and its website are somehow affiliated, connected with, or associated or sponsored by Plaintiff, when in fact they are not.

52.     Defendant's activities created a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

53.     Defendant's infringement of the Albany Medical Center Word Mark has been willful and deliberate.

54.    The actions of Defendant described in this Cause of Action constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

55.    The acts of Defendant make this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

**Count 1**

56.    Plaintiff repeats and realleges each and every allegation contained in each of the preceding paragraphs.

57.    Plaintiff owns common-law rights and the right to the Albany Med Word Mark.

58.    Defendant has used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of the Albany Med Word Mark in connection with the sale, offer for sale, distribution and/or advertising of its services and activities, including on the website.

59.    Defendant's unauthorized use of the Albany Med Word Mark and use of the website www.albanymedqualitycare.org is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff and Defendant, and as to the origin, sponsorship, or approval of Defendant's website, or commercial activities, and misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's commercial activities.

60.    Defendant's activities created a likelihood that consumers and prospective patients will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

13

61.     Defendant's infringement of the Albany Med Word Mark has been willful and deliberate.

62.     The actions of Defendant described in this Cause of Action constitute trademark infringement in violation of 15 U.S.C. § 1125(a). Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

63.     The acts of Defendant make this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees.

## **Count 2**

64.     Plaintiff repeats and realleges each and every allegation contained in each of the preceding paragraphs.

65.     Plaintiff owns common-law rights and the right to the Albany Medical Center Word Mark.

66.     Defendant has used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of the Albany Medical Center Word Mark in connection with the sale, offer for sale, distribution and/or advertising of its services and activities, including on the website.

67.     Defendant's unauthorized use of the Albany Medical Center Word Mark and use of the website www.albanymedqualitycare.org is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff and Defendant, and as to the origin, sponsorship, or approval of Defendant's website, or commercial activities, and misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's commercial activities.

14

68.     Defendant's activities created a likelihood that consumers and prospective patients will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

69.     Defendant's infringement of the Albany Medical Center Word Mark has been willful and deliberate.

70.     The actions of Defendant described in this Cause of Action constitute trademark infringement in violation of 15 U.S.C. § 1125(a). Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

71.     The acts of Defendant make this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### TRADEMARK DILUTION UNDER THE LANHAM ACT

72.     Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

73.     Plaintiff has extensively and continuously promoted and used the Albany Medical Center Word Mark and the Albany Med Word Mark in the United States including the State of New York and other states, and exposed such marks to people from throughout the entire United States, and, as a result, these marks have thereby become nationally famous and well-known symbols and trademarks of Plaintiff's goods and services.

74.     As a result of the continuous and substantial use of the Albany Medical Center Word Mark since 1930 and the Albany Med Word Mark since 1990, as well as significant amounts of advertising and sales, the Albany Medical Center Word Mark and the Albany Med Word Mark are famous trademarks within the meaning of § 43(c) of the Lanham Act, and such marks became

15

famous before Defendant's use of the website www.albanymedqualitycare.org and its activities complained of herein in connection with Plaintiff's goods and/or services.

75.    Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of the Albany Medical Center Word Mark and the Albany Med Word Mark by, for example, eroding and blurring the public's exclusive identification of these famous marks with Plaintiff, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

76.    Defendant has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive marks in violation of 15 U.S.C. § 1125(c).

**FOURTH CAUSE OF ACTION**
**ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**

77.    Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

78.    Plaintiff is the owner of all rights, title, and interest in and to the distinctive Albany Medical Center Word Mark and the Albany Med Word Mark in connection with its services. Plaintiff began providing its services under the Albany Medical Center Word Mark and the Albany Med Word Mark prior to the activities of Defendant complained of herein.

79.    At the time that Defendant registered the Infringing Domain Name www.albanymedqualitycare.org, which is composed of the Albany Med Word Mark followed by a merely descriptive term and confusingly similar to the Albany Medical Center Word Mark, the Albany Medical Center Word Mark and the Albany Med Word Mark were distinctive.

80.     Defendant had at least constructive knowledge, if not actual knowledge, of the Albany Medical Center Word Mark and the Albany Med Word Mark when it registered www.albanymedqualitycare.org.

81.     Defendant, on information and belief, registered, is using, and intends to use the Infringing Domain Name in bad faith intent to profit, for example, by attracting internet users to Defendant's website and business by creating a likelihood of confusion with www.albanymedqualitycare.org as to the source or sponsorship of Defendant's services, and by using the website with intent to harm Plaintiff and dilute its Albany Medical Center Word Mark and Albany Med Word Mark, in violation of 15 U.S.C. § 1125(d).

82.     Defendant's willful conduct and reckless lack of concern for the likelihood of confusion caused by its acts renders this case exceptional under 15 U.S.C. § 1117(a).

83.     As a result of Defendant's unauthorized use of and bad faith intent to profit from Plaintiff's Albany Medical Center Word Mark and the Albany Med Word Mark through its registration of www.albanymedqualitycare.org, and unless this Court enjoins Defendant's conduct, Plaintiff will suffer irreparable harm.

**FIFTH CAUSE OF ACTION**
**TRADEMARK DILUTION UNDER N.Y. GEN. BUS. LAW § 360-l**

84.     Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

85.     Plaintiff's Albany Medical Center Word Mark and Albany Med Word Mark are each strong marks due to their distinctive qualities, coupled with the continuous uninterrupted use of the same, for the Albany Medical Center Word Mark since 1930 and for the Albany Med Word

Mark since 1990. Each of these marks has become so associated in the public's mind with Plaintiff that they readily identify Plaintiff's goods and services as distinguished from those sold by others.

86.     Defendant's activities have created and continue to dilute by blurring the distinctive quality of the Albany Medical Center Word Mark and the Albany Med Word Mark and all rights held thereunder, in violation of the General Business Law of the State of New York.

87.     Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

88.     By reason of the foregoing, Defendant has violated and continues to violate New York General Business Law § 360-l.

**SIXTH CAUSE OF ACTION**
**COMMON-LAW TRADEMARK INFRINGEMENT**

89.     Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

90.     Defendant's actions constitute trademark infringement in violation of Plaintiff's rights to the Albany Medical Center Word Mark and the Albany Med Word Mark under the common law of the State of New York. Said infringement has injured and continues to injure the goodwill of Plaintiff and its products and services.

91.     The acts of Defendant have been malicious and calculated to injure Plaintiff. The willful, wanton and malicious nature of Defendant's conduct entitles Plaintiff to an award of Plaintiff's reasonable attorneys' fees against Defendant.

## SEVENTH CAUSE OF ACTION
## <u>UNFAIR COMPETITION - COMMON LAW</u>

92.     Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

93.     Plaintiff, as a cause of action and ground for relief, alleges that Defendant is engaging in unfair competition and misappropriation in violation of the common law of the State of New York.

94.     Defendant has infringed the Albany Medical Center Word Mark and the Albany Med Word Mark and continues to do so by use of the website www.albanymedqualitycare.org and the acts complained of herein.

95.     Defendant's use of colorable imitations of the Albany Medical Center Word Mark and the Albany Med Word Mark, including the website www.albanymedqualitycare.org, misleads consumers in regard to the identity of Defendant by suggesting a relationship, affiliation or sponsorship between Plaintiff and Defendant, when no such relationship, affiliation or sponsorship exists.

96.     Defendant's acts constitute deception, fraud, misrepresentation, or the concealment, suppression or omission of a material fact, such as that Plaintiff and Defendant are not affiliated.

97.     Upon information and belief, Defendant intends to benefit from the goodwill and reputation of Plaintiff and its famous marks, and that others rely upon its unfair methods of competition and unfair or deceptive trade practices.

98.     Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendant's acts are restrained by this Court,

Defendant's deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

99.     Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or affiliation of Defendant by Plaintiff.

100.    Defendant's acts have harmed Plaintiff's reputation and have severely injured Plaintiff's trademarks and goodwill.

101.    Defendant's aforesaid acts constitute dilution by blurring, misappropriation, and misuse of Plaintiff's trademarks, and unfair competition against Plaintiff, all in violation of Plaintiff's rights under the common law of New York.

102.    Upon information and belief, Defendant's actions have been willful and deliberate.

103.    Plaintiff has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendant's deceptive business practices and therefore Plaintiff is entitled to injunctive relief under New York common law.

**EIGHTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. LAW § 349**

104.    Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

105.    In the course of its business, Defendant has wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and that cause injury to Plaintiff and the public.

106.    Defendant's activities and use of colorable imitations of the Albany Medical Center Word Mark and the Albany Med Word Mark including the website www.albanymedqualitycare.org

otherwise mislead and deceive consumers in regard to the relationship, affiliation or sponsorship between Plaintiff and Defendant and the origin and quality of Defendant's goods and services.

107.    Defendant's unfair deceptive business practices involve conduct directed at consumers and implicate consumer-protection concerns because the deceptive practices have caused and continue to cause injury to consumers to the detriment of patients and the public at large.

108.    Defendant's activities are willful, knowing and have been undertaken in bad faith.

109.    Defendant's activities constitute deceptive acts and practices causing harm and injury to the public at large, as well as to Plaintiff, in violation of New York General Business Law § 349.

110.    Defendant's conduct is causing immediate and irreparable injury to Plaintiff and will continue both to injure Plaintiff and deceive the public unless enjoined by this Court.

111.    Plaintiff is entitled to attorney fees as the prevailing plaintiff pursuant to New York General Business Law § 349(h).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, Albany Med Health System, prays for judgment against Defendant granting the Plaintiff:

(A)    A preliminary and final injunction enjoining Defendant, and all persons acting in concert or participation with it or persons acting or purporting to act on its behalf, including but not limited to its officers, directors, partners, owners, agents, representatives, employees, attorneys, members, successors and assigns and any and all persons acting in concert or privity with it, from:

(1)    using any portion of the Albany Medical Center Word Mark and the Albany Med Word Mark, or any other mark similar thereto, including albanymedqualitycare.org as a domain or otherwise, as to be likely to cause confusion, mistake, or deception in connection with the source, sponsorship, affiliation or approval;

(2)    using any word, term, common name, symbol or device or any combination thereof or any false designation of origin, false or misleading description of fact, that in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of Plaintiff or Defendant;

(3)    committing any acts of infringement and/or dilution relating to Plaintiff;

(4)    unfairly competing with Plaintiff in any manner whatsoever; and

(5)    that Defendant be directed to file with this Court and serve upon Plaintiff within 30 days after the service of any injunction ordered in this action a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with such injunction.

(B)    Pursuant to 15 U.S.C. § 1116, an Order for the recall and destruction of all materials and products within the control of Defendant, its agents, members or distributors, that in any way infringe or dilute the Albany Medical Center Word Mark and/or the Albany Med Word Mark;

(C)    Transfer of the domain and website www.albanymedqualitycare.org or cancellation thereof;

(D)    Plaintiff's costs of this action and post-judgment interest;

(E)   Plaintiff's attorneys' fees, including attorneys' fees pursuant to 15 U.S.C. § 1117, New York

General Business Law §§ 349(h) and/or any other provision of New York State or federal

law; and

(F)   Such other and further relief against Defendant in favor of Plaintiff as this Court deems

just, equitable and proper.


Dated:  November 15, 2024              Respectfully submitted,

**s/Nicholas Mesiti**
Nicholas Mesiti, Esq. (*NDNY Bar No. 102192*)
Thomas L. Sica, Esq. (*NDNY Bar No. 520638*)
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579
Email: nick.mesiti@hrfmlaw.com
Email: thomas.sica@hrfmlaw.com

*Attorneys for Plaintiff, Albany Med Health System*